*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

Nos. 04-08-00280-CR & 04-08-00281-CR

Robert **CARRASCO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2007-CR-5104 & 2007-CR-5105
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  February 25, 2009

AFFIRMED

Robert Carrasco was convicted by a jury of first degree arson and deadly conduct.  The sole issue presented in these appeals is whether the trial court erred in failing to instruct the jury on the lesser-included offense of third degree arson.  We affirm the trial court's judgments.

Carrasco contends that the trial court erred in failing to instruct the jury on the lesser-included offense of third degree arson because evidence was presented that Carrasco acted recklessly rather

than with intent or knowledge. Acknowledging that he did not make a request for the inclusion of the lesser-included offense, Carrasco argues that reversal is required under *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1986), because the record establishes egregious harm.

In *Delgado v. State*, 235 S.W.3d 244, 249-50 (Tex. Crim. App. 2007), the Texas Court of Criminal Appeals analyzed a trial court's *sua sponte* duties with regard to preparing a jury charge where defense counsel does not request a lesser-included offense. The court asserted:

> The trial judge has an absolute *sua sponte* duty to prepare a jury charge that accurately sets out the law applicable to the specific offense charged. But it does not inevitably follow that he has a similar *sua sponte* duty to instruct the jury on all potential defensive issues, lesser-included offenses, or evidentiary issues. These are issues that frequently depend upon trial strategy and tactics. . . . . Thus, if neither side requests a lesser included instruction, the trial court need not submit one *sua sponte*.

*Id*. Because the trial court was not required to *sua sponte* include an instruction on third degree arson, no error existed in the charge; therefore, no analysis of harm is warranted under *Almanza*. *See Stewart v. State*, 162 S.W.3d 269, 375 (Tex. App.—San Antonio 2005, pet. ref'd) (noting *Almanza* requires two-step review where error must actually exist in the charge before the court must determine whether sufficient harm resulted from the error to require reversal).

The trial court's judgments are affirmed.

Marialyn Barnard, Justice

DO NOT PUBLISH